UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TROY TENACE,

                        Plaintiff,

v.

JENNIFER PRATT, Assis. D.A., for Saratoga County,
in her individual and official capacity; MEGHAN
HORTON, Assis. D.A., for Saratoga County, in her
individual and official capacity; SARATOGA
COUNTY DISTRICT ATTORNEY'S OFFICE;
SARATOGA COUNTY; SCHENECTADY
COUNTY; SCHNECTADY COUNTY PUBLIC
DEFENDER'S OFFICE; JULIA KOSINESKI,
ESQ., in her individual and official capacity;
KAREN A. CRANDALL, ESQ., in her individual
and official capacity,

                        Defendants.

_____

1:25-CV-1697
(GTS/DJS)

APPEARANCES:

TROY TENACE
  Plaintiff, *Pro Se*
1930 Pawtucket Ave.
Niskayuna, New York 12309

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Troy Tenace

("Plaintiff") against the Saratoga County District Attorney's Office, the Schenectady County

Public Defender's Office, Assistant District Attorneys Jennifer Pratt and Meghan Horton,

Saratoga County, Schenectady County and Public Defenders Julia Kosineski and Karen Crandall

1

("Defendants"), are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and with leave to amend for failure to state a claim, and (2) Plaintiff's Amended Complaint. (Dkt. Nos. 6, 7.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only one brief point.

Before the Court may refer Plaintiff's Amended Complaint to Magistrate Judge Stewart for a review of its pleading sufficiency, the Court must confirm with Plaintiff that he indeed intends to proceed on his Amended Complaint in this action. This is because, when he filed his Amended Complaint, Plaintiff had not yet have the benefit of the Court's Decision and Order on Magistrate Judge Stewart's Report-Recommendation. *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend."). As a result, the Court will give Plaintiff a reasonable opportunity to either (1) confirm that he indeed intends to proceed on his Amended Complaint (Dkt. No. 7), or (2) file a revised Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED** without further Order of this Court, unless, within **THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff cures the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that, within the above-described 30-day time period, Plaintiff must either (1) file a letter to the Court stating that he intends to rely on his Amended Complaint filed on February 27, 2026 (Dkt. No. 7), or (2) file a revised Amended Complaint; and it is further

**ORDERED** that, should Plaintiff do either of the above-described two things, his Amended Complaint shall be referred to Magistrate Judge Stewart for further review pursuant to 28 U.S.C. § 1915.

Dated: May 7, 2026
Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

3